IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CONTRABAND SPORTS, LLC,<br>a Florida Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>FIT FOUR, LLC, a Utah<br>Limited Liability Company,<br><br>Defendant. | Civil Action No.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Contraband Sports, LLC ("Contraband"), by and through undersigned attorneys, hereby seeks declaratory judgement that Contraband is not infringing any valid patent rights owned by Defendant Fit Four LLC. ("Fit Four" or "Defendant") by its sale of its Contraband Lifting Gloves. The need for such relief exists because Fit Four has wrongfully accused Contraband of patent infringement and has filed several Notices of Intellectual Property Rights Violation on popular e-commerce website <amazon.com> resulting in the removal of several Contraband Lifting Gloves listings and content, which prevents Contraband from selling its products.

## PRELIMINARY STATEMENT

1. Contraband is a premier designer and manufacturer of workout products, including its popular "Pink Label" and "Black Label" gloves used by both men and women bodybuilders, powerlifters, Mixed Martial Artists, and Cross Fit Athletes. Contraband has filed several patent and trademark applications with the United States Patent and Trademark

1

Office (collectively, "Contraband Intellectual Property"). In 2015, Contraband introduced its "CONTRABAND PINK LABEL 5537 WOMEN MICRO LIFTING GLOVES" ("Micro Glove"), a glove which features grip-lock padding around the palm region and an adjustable strap. *See* Exhibit A. Micro Gloves are offered in a variety of colors and sizes including extra small, small, medium, and large for $15 per pair. Since their creation in 2015, the Micro Gloves quickly gained popularity on Amazon and was recognized as an "Amazon's Choice" award winner based on its superior ratings and value. Reviewers have rated Micro Gloves a 4.4/5-star award leading to over 1000 sales in the last year.

2. In response to the popularity of the Micro Gloves, Fit Four sent a threatening email on October 2, 2017 wrongfully accusing Contraband of infringing its design patent based its sale of the Micro Glove. *See* Exhibit B.

3. Contraband promptly responded to Fit Four's threatening email denying any infringement and providing points of distinction between the glove designs. *See* Exhibit C.

4. On November 21, 2017, attorneys for Fit Four filed a Notice of Intellectual Property Rights Violation with Amazon's Seller Performance Team alleging patent infringement by Contraband and resulting in the immediate removal of all extra small black Micro Gloves listings, approximately one week before the busiest online shopping day of the year (i.e., Cyber Monday). *See* Exhibit D.

5. Later on November 21, 2017, counsel for Contraband identified several differences between the products upon which Defendant had submitted its Notice of Intellectual Property Rights Violation and U.S. Design Patent No. D652,607 upon which Defendants based its claims, and demanded that the wrongful Amazon Notices be retracted. *See* Exhibits E and F. In the Defendant's response on November 22, 2017, they denied

Contraband's request and provided a description of products which does not match the Micro Gloves against which the Notices were filed. *See* Exhibit G.

6. On December 7, 2017, Fit Four filed a second Notice of Intellectual Property Rights Violation with Amazon's Seller Performance Team alleging patent infringement by Contraband and resulting in immediate removal of all small pink and black Micro Gloves listings, one of Contraband's top selling products. *See* Exhibit H.

7. On December 19, 2017, attorney for Fit Four filed a third Notice of Intellectual Property Rights Violation with Amazon's Seller Performance Team alleging patent infringement by Contraband and resulting in immediate removal of all medium black Micro Gloves listings, one of Contraband's top selling products, during the busy holiday shopping season and less that one week before Christmas. *See* Exhibit I

## PROCEDURAL BACKGROUND

### A. The Parties

8. Plaintiff CONTRABAND SPORTS, LLC is a limited liability company organized under the laws of Florida, with its principal place of business at 1749 NE Miami Court, Apt. 213, Miami, Florida 33132.

9. Defendant FIT FOUR, LLC is a limited liability company formed under the laws of the State of Utah, with its principal places of business at 1065 South 500 # 3, Bountiful, Utah 84010.

### B. Jurisdiction and Venue

10. This is a civil action seeking monetary and injunctive relief for declaratory judgement under 28 U.S.C. § 2201, federal question under 28 U.S.C. § 1331, Patent Act under 28 U.S.C. § 1338, and for substantial and related claims of tortious interference with a

contract, unjust enrichment, and unfair and deceptive trade practices under the statutory and common laws of the State of Florida. The matter in controversy, exclusive of interest and costs, exceeds the sum or value of seventy-five thousand dollars ($75,000) and arises under the laws of the United States.

11. This Court has personal jurisdiction over defendant because Fit Four solicits business with parties located in Florida, a substantial part of the events and omissions occurred in this district, and the causation of tortious injury within the state by acts or omissions outside the state.

12. The Court has subject matter jurisdiction pursuant to, 28 U.S.C. §§ 1331 and 1338(a) and (b) of the federal law claims. This Court has supplemental jurisdiction over Contraband's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy.

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) - (2) and (c) and/or §§ 1400(a) and (b).

## COUNT I: REQUEST FOR DECLARATORY JUDGEMENT CONCERNING U.S. PAT. NO. D652607

14. Contraband re-alleges paragraphs 1 through 11 above as if fully set forth herein.

15. Contraband is not infringing any valid claim of Fit Four's U.S. Design Patent No. D652,607 ("the '607 patent"). Fit Four has accused Contraband of infringing claim 1 of the '607 patent. Contraband's sale of the Micro Glove does not constitute infringement of claim 1 of the '607 patent because the Micro Glove, unlike the '607 Patent, includes, among other things and as demonstrated by the side-by-side examples below:

an adjustable hook and loop fastening strap on the top surface;

Contraband Micro Glove:



'607 Patent:



reinforced topside finger/knuckle pads;

Contraband Micro Glove:



'607 Patent:



integrated padding throughout the palm area;

Contraband Micro Glove:



'607 Patent:



5

a distinct grip-lock padding pattern of silicon rubber beads throughout the bottom surface;

Contraband Micro Glove:                                    '607 Patent:

 

and reinforced grip pads along the bottom-side finger portions, including two elongated grip pads that extend beyond the finger hole for the middle two fingers.

Contraband Micro Glove:                                    '607 Patent:

 

16.     Under the circumstances, a judicial declaration is necessary and appropriate at this time so that the parties and others may determine their rights and duties under the laws at issue.

17.     Contraband is entitled to a declaratory judgement that it has not infringed claim 1 of the '607 patent with the Micro Glove.

## COUNT II: DECEPTIVE AND UNFAIR TRADE PRACTICES
## Fla. Stat. §§ 501.203(3), 501.204(1)

18.     Contraband re-alleges paragraphs 1 through 11 above as if fully set forth herein.

19.     Contraband alleges that Fit Four has and is currently engaged in deceptive and unfair trade practice under sections 501.203(3) and 501.204(1), Florida Statutes (FDUTPA).

20.     As described above, Defendant has engaged in unfair trade practices by falsely filing a Notice of Intellectual Property Rights Violation with Amazon's Seller Performance Team alleging patent infringement by Contraband in order to intentionally interfere with Contraband's online sales during the busiest shopping period of the year.

21.     Defendant has engaged in false and misleading representations and omissions of material fact to Amazon's Seller Performance Team consumers and has engaged in deceptive conduct designed to intentionally interfere with Contraband's online market and sales.

22.     Defendant's false and misleading representations and deceptive conduct are material in that they have caused and are likely to cause prospective consumers of the Plaintiff's products to be forced to purchase the Defendant products based on the absence of Plaintiff's product listing on Amazon.

23.     Defendant has disparaged the goods and services and business reputation of Plaintiff through false and misleading representations of material fact by falsely filing a fraudulent Notice of Intellectual Property Rights Violation with Amazon's Seller Performance Team in violation of Florida's Deceptive and Unfair Trade Practices Act, Sections 501.203(3) and 501.204(1), Florida Statutes.

24. As a direct and proximate result of such misleading and deceptive conduct, the Plaintiff, as well as consumers, have sustained and are likely to continue to sustain damages in terms of loss of reputation, customers, and sales.

25. Plaintiff has no adequate remedy at law.

26. Pursuant to Florida's Deceptive and Unfair Trade Practices Act §§ 501.207 – 501.2075, the Plaintiff is entitled to enjoin Defendant's unlawful conduct as well as obtain actual damages, compensatory damages, punitive damages, and attorney's fees.

### COUNT III: TORTIOUS INTERFERENCE WITH A CONTRACTUAL AND/OR BUSINESS RELATIONSHIP

27. Contraband re-alleges paragraphs 1 through 11 above as if fully set forth herein.

28. Contraband had a business relationship, or, alternatively a contractual relationship with Amazon.com, whereby Contraband was able to advertise and sell its products through Amazon's website, which is one of the most successful sales enterprises in the world, attracting millions of customers every day.

29. Contraband has attributed approximately ninety percent of its yearly sales to its business relationship with Amazon and its ability to sell products to Amazon's huge customer base.

30. Defendant is and has been aware of Contraband's contractual/business relationship with third party Amazon.

31. Defendant interfered with Contraband's contractual/business relationship with Amazon by falsely informing Amazon that Contraband was selling products that infringed Defendant's patent, causing Amazon to remove Contraband items from sale on Amazon.

32. As a result of Contraband products being removed from Amazon, Contraband has suffered loss of sales, loss of profits, loss of reputation, and potential loss of customers.

33. Damage to Contraband will continue to accrue unless or until Defendant's improper conduct is enjoined.

34. Contraband has no adequate remedy at law.

## COUNT IV: UNJUST ENRICHMENT

35. Contraband repeats and re-alleges each and every allegation of paragraphs 1 through 11 as if fully set forth herein.

36. Contraband been denied financial compensation from the proceeds of sales as a result of Defendant's fraudulent filing of a Notice of Intellectual Property Rights Violation with Amazon's Seller Performance Team, and have benefitted from Contraband's inability to sell their product on Amazon by selling products to potential customers of Contraband who could no longer find Contraband's products on Amazon. Defendant has received monies that unjustly enrich it at Contraband's expense. This constitutes unjust enrichment under Florida common law. The circumstances are such that equity and good conscience require the Defendant to disgorge its unjust enrichment in an amount to be proven at trial.

37. Contraband requests that in order to facilitate the disgorgement of Defendant's ill-gotten proceeds, this Court impose a constructive trust against the Defendant from its illicit profits resulting from Contraband's inability to sell its products.

## COUNT V: LIBEL PER SE

38. Contraband repeats and re-alleges each and every allegation of paragraphs 1 through 11 as if fully set forth herein.

39. The statements by Defendant to Amazon's Seller Performance Team constitute the Florida tort of libel per se because the false and malicious statements accuse Contraband of patent infringement and unlawful business practices; Defendant made statements to Amazon's Seller Performance Team in each Notice filed with Amazon in which Defendant falsely stated that the Micro Gloves cited therein infringed the '607 Patent.

40. Such false statements made by Defendant about Contraband were stated as though they were facts, not opinions, and are attacks on Contraband's professional character.

41. Such false statements were made by Defendant with actual malice and the intent to injure Contraband's reputation, divert business from Contraband, and have caused harm to its reputation and business.

42. Contraband is presumed to have been damaged by Defendant's statements and is entitled to recover from Defendant actual damages including compensatory, consequential, incidental, and punitive damages, together with court costs, and attorney's fees.

43. As a consequence of Defendant's conduct, Contraband has suffered and will continue to suffer damaged reputation and financial loss through loss of business and loss of customers until Defendant's improper conduct is enjoined.

44. Contraband has no adequate remedy at law.

## **DAMAGES**

45. Contraband repeats and re-alleges each and every allegation of paragraphs 1 through 11 as if fully set forth herein. Contraband affirmatively pleads and seeks monetary relief that in the aggregate exceeds $75,000.

## Jury Demand

46. Contraband hereby demands pursuant to Federal Rule of Civil Procedure 38(b) a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant, and that such judgment includes the following:

1. A declaratory judgement that Contraband is not infringing claim 1 of the '607 patent with its Micro Glove;

2. A permanent injunction enjoining Fit Four from asserting to Amazon or its customers or to other third parties, that Contraband's sales of the Micro Glove constitute infringement of Fit Four's patent rights, including the '607 patent.

3. Fit Four be required to pay Contraband the Defendant's profits and any costs of this action and any damages which the Contraband sustained as a result of Defendant's willful deceptive acts and unfair trade practices, tortious interference, unjust enrichment, and libel per se.

4. Fit Four be required to pay any exceptional damages under 35 U.S.C. §285.

5. Fit Four be required to pay to Plaintiff actual damages against the Defendant on the cause of action alleged herein and the recovery of pre-judgment and post-judgement interest as allowed by law.

6. Fit Four be required to pay the Plaintiff its reasonable attorney's fees and costs incurred in pursuit of this action.

7. The Court grants such other and further relief, both general and special, at law or

in equity, to which Plaintiff Contraband may be justly entitled.

Dated: December 19, 2017

Respectfully Submitted,

By: /s/ Andrew S. Rapacke
Andrew S. Rapacke, Esquire
*Attorney for Plaintiff*
**THE RAPACKE LAW GROUP, P.A.**
**Florida Bar No: 0116247**
1836 N. Pine Island Road
Plantation, FL 33322
Telephone: (954) 951-0154
Facsimile: (954) 206-0484
Email and Court designation:
andy@arapackelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/DE. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generate by CM/DE or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on December 19, 2017.

By: /s/ Andrew S. Rapacke
Florida Bar No. 0116247

## Service List

**Counsel for Defendant**

Timothy D. Nichols
60 East South Temple
Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 322-8442
Email: TNichols@WNLaw.com

**Counsel for Plaintiff**
Andrew Rapacke
Florida Bar No. 0116247
The Rapacke Law Group, P.A.
1836 N. Pine Island Road,
Plantation, FL 33324
Telephone: (954) 951-0154
Facsimilie: (954) 206-0484
Email: andy@arapackelaw.com